IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MACK L. EASON,  PLAINTIFF
ADC # 138190

V.  No. 3:09CV00045 SWW

ROGER BRIGMAN, *et al.*  DEFENDANTS

### ORDER

Plaintiff, an inmate housed at the Varner Unit of the Arkansas Department of Correction, brings a pro se Complaint (#1) under 42 U.S.C. § 1983. Upon review of the record, the Court notes that Plaintiff has neither filed a motion to proceed *in forma pauperis* nor paid the statutory filing fee.[1] The statutory filing fee for a complaint under 42 U.S.C. § 1983 is $350.00.

Under the Prison Litigation Reform Act ("PLRA"), even prisoners who are permitted to file civil actions *in forma pauperis* must pay the $350.00 statutory filing fee. 28 U.S.C. §1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).

---

[1] The Court notes that Plaintiff included a document titled "Calculation of Initial Payment of Filing Fee" with his Complaint. However, the document is incomplete and appears to be a document used in state court proceedings.

In order to proceed *in forma pauperis*, the Plaintiff must submit a proper and complete application to proceed *in forma pauperis*, along with a calculation sheet, prepared and signed by an authorized officer of the correctional facility where he is being held. Based on information contained in the application and calculation sheet, the Court will assess an initial, partial filing fee if sufficient funds exist and will direct the future collection of monthly installment payments until the filing fee is paid in full. 28 U.S.C § 1915(b)(1)-(2). If the case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350.00 filing fee will be collected, and no portion of this filing fee will be refunded to the prisoner.

Accordingly, if Plaintiff wishes to proceed with this action, he is ordered to file an application to proceed *in forma pauperis,* or pay the filing fee of $350.00, within thirty days of the entry date of this Order. The Clerk of Court is directed to forward Plaintiff an *in forma pauperis* application, along with a copy of this Order. Failure to comply with this Order may result in dismissal of this case without prejudice under Local Rule 5.5(c)(2).[2]

---

[2] Plaintiff is notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30)

## **Screening**

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915(e).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States.  42 U.S.C. § 1983.  While a court must accept the factual allegations in the complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*), a plaintiff still must assert facts sufficient to state a claim as a matter of law.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

As it now stands, the Plaintiff's Complaint does not state a claim for relief under 42 U.S.C. § 1983.  In his Complaint, Plaintiff simply identifies as Defendants the individuals involved in his arrest.  He fails to state how any of the Defendants acted unconstitutionally or what injury he has sustained as a result of any of the Defendants' conduct.

---

days, the case may be dismissed without prejudice.  Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Accordingly, IT IS THEREFORE ORDERED that, in addition to filing an application to proceed *in forma pauperis* or paying the filing fee of $350.00, Plaintiff is ordered to file an Amended Complaint within thirty days of entry of this Order, specifically explaining his constitutional claim so that the Court can determine whether he may proceed with this lawsuit. Failure to timely and completely respond to this Order may result in dismissal of Plaintiff's Complaint. See Local Rule 5.5(c)(2).

IT IS SO ORDERED this 28th day of April, 2009.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE